UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONAE DAVIS,

                            Petitioner,

            v.                                          **DECISION AND ORDER**
                                                        07-CR-245S
UNITED STATES OF AMERICA,                               13-CV-14S

                            Respondent.


1.      On May 1, 2009, Petitioner Monae Davis executed a plea agreement in which he

agreed to plead guilty to Count 1 of an indictment charging a violation of 21 U.S.C. § 846.

Docket No. 306. The agreement contemplated a sentencing range of 262 to 327 months.

On August 26, 2009, this Court accepted Davis's plea and sentenced him to 240 months'

imprisonment—nearly two years less than the range minimum.

2.      Presently before the Court is Davis's pro se petition for habeas relief, which he filed

under 28 U.S.C. § 2255 on January 4, 2013.   Davis seeks to vacate his sentence on the

grounds that: (1) counsel was ineffective during plea negotiations and the plea hearing;

(2) the court failed to ensure the voluntariness of his plea; (3) the government and the

court constructively amended the indictment; and (4) counsel rendered ineffective

assistance by failing to object to that constructive amendment. After these issues were

fully briefed, Davis moved, on May 29, 2014, for leave to supplement his petition. He

wishes to add a challenge to the enhanced penalties in his plea agreement, arguing that

such enhancements are contrary to a government policy adopted four years after his

plea. Because the United States seeks dismissal on of the initial petition on timeliness

grounds, this Court will determine whether the petition may go forward before addressing the motion to supplement.

3.      Among its arguments for dismissal, the United States maintains that Davis's January 4, 2013 petition is untimely because "the [Second Circuit's] Mandate . . . [was] issued on August 2, 2011, making the defendant's conviction final for AEDPA's one year statute of limitations." Docket No. 669 ¶ 7. Davis contends the AEDPA limitations period did not begin to run until January 25, 2012. Docket No. 665, ¶ 18. The Court concludes that both assertions as to finality are incorrect.

4.      Section 2255(f) of Title 28 of the United States Code provides, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final; [or]
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; . . . .

5.      It is well established that for purposes of § 2255(f)(1), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction . . . [i.e.] 90 days after entry of the Court of Appeals' judgment." Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); 28 U.S.C. § 2101(c). As Davis correctly notes, the Second Circuit affirmed his conviction on July 6, 2011, and not, as the government would have it, on August 2, 2011. See United States of America v. Johnson, 425 Fed. Appx. 66, 2011 U.S. App.

LEXIS 13814, at *5-7. Rule 13.3 of the Supreme Court's Rules of Practice clearly states that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed and *not from the issuance of the mandate . . . .*" (emphasis added).

6.     As discussed more fully below, Davis did not timely petition for a writ of certiorari, and so the Second Circuit's judgment became final on Tuesday, October 4, 2011. Adding one year to this date places Davis's January 4, 2013 motion well outside the limitations period. Davis contends that his deadline for filing the instant petition must be calculated to account for a government impediment, 28 U.S.C. § 2255(f)(2), and equitable tolling.

7.     Davis's claim of government impediment is based on the following circumstances. On July 6, 2011, the Second Circuit both affirmed his conviction and granted his assigned attorney's motion to be relieved as counsel pursuant to <u>Anders v. California</u>. Court of Appeals Docket 09-3917-cr, July 6, 2011. Following the entry of judgment, Davis, now pro se, had 14 days to petition for a rehearing. Fed. R. App. P. 40. On July 17, 2011, he prepared a motion to extend his time to file the petition for rehearing and states that he delivered the motion to the prison mail room that same day.[1] Docket No. 675 at 3, 34-37. Assuming the truth of Davis's statements, his motion to extend time was timely filed. Fed. R. App. P. 25(a)(2)(C); Second Circuit Rules of Practice 27.1. On August 4, 2011, after his 14 days to petition for rehearing had expired, and having received no word on his motion to extend time, Davis placed his completed motion for rehearing in the prison mail

---

[1] Davis included a certificate of service certifying that he had delivered a copy of his motion to prison officials for mailing to the office of the U.S. Attorney in Buffalo. Docket No. 675 at 37. The government's cursory briefing does not discuss this or any other filing that may impact the timeliness assessment. These omissions, coupled with an erroneous statement of law regarding the statute of limitations, are not what the Court expects from a seasoned government attorney.

system. The Clerk of Court for the Second Circuit declined to file either of Davis's pro se motions and, instead, mailed them to his former attorney noting "[b]ecause you represent the sender as counsel the papers are forwarded to you for appropriate action." Court of Appeals Docket No. 09-3917-cr, Aug. 8 and 12, 2011; Docket No. 675 at 25. In a declaration filed August 18, 2011, Davis's former attorney recounted the circumstances of having been relieved as counsel, and moved for an order granting Davis leave to file his pro se petition for rehearing out of time. Docket No. 675 at 27-28. On October 25, 2011, the Second Circuit considered and denied the motion. Id. at 29. By that date, Davis's time to petition for writ of certiorari had expired and the AEDPA limitations period had begun to run. On these facts, Davis contends that the Clerk of Court for the Second Circuit "impeded his ability to make his motion by failing to file his timely motion to extend time to file his pro-se petition for rehearing." Id. at 5. He presumes that, "[b]ut for the clerk's failure to timely file [his] motion for an extension of time . . . the panel would have clarified its silence regarding the disposition or lack thereof, of the claims presented in [his] pro se supplemental brief on appeal"—i.e., it would have extended his time to file his request for rehearing and then granted that request. Id. at 6.

8.     The Court need not resolve whether these facts could constitute a "government impediment" because, even assuming Davis sufficiently established that the Circuit Court impeded his ability to timely file his motion to extend time, the impediment was removed on August 18, 2011, when the Clerk of Court accepted the motion filed by Davis's former attorney seeking the same relief. The addition of these 32 days to the October 4, 2011 commencement of AEDPA's 1-year limitations period would not render the instant

4

petition—filed January 4, 2013—timely.

9.      Next, Davis contends that equitable tolling also applies because of his mistaken belief that October 25, 2011—the date the Second Circuit denied him leave to file his petition for a rehearing out of time—was the date on which his time commenced to petition for certiorari. He maintains that the time period from July 17, 2011 to February 1, 2012 should be tolled because "[i]t was only after his pro se application to extend time to file a petition for a writ of certiorari was denied on February 1, 2012, that [he] realized the only remedy remaining was . . . review pursuant to 28 U.S.C. § 2255." Id. at 7.

10.     In Holland v. Florida, the Supreme Court addressed the circumstances in which a federal habeas petitioner can invoke the doctrine of equitable tolling. 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Holland held that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (citation and internal quotation marks omitted). Regardless of Davis's diligence, there is no evidence here that any government official or attorney engaged in sufficiently egregious conduct or took any extraordinary action to preclude or delay Davis's ability to file his habeas petition by October 4, 2012 or, if 32 days were added, by November 5, 2012. Having determined that Davis's petition is untimely, the Court need not consider the government's additional arguments as to the merits. Furthermore, Davis motion for leave to supplement the petition is moot.

11.     Because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of

reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and denies a certificate of appealability. The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.   Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).   Further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDERS

IT HEREBY IS ORDERED, that Petitioner Monae Davis's Motion to Vacate Sentence (Docket No. 665) is DENIED.

FURTHER, that Petitioner's Motion for Leave to Supplement the Petition (Docket No. 737) is DENIED as moot.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:    June 10, 2014
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court