UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONAE DAVIS,

                Petitioner,

   v.                                      **DECISION AND ORDER**
                                                    07-CR-245S
UNITED STATES OF AMERICA,                        13-CV-14S

                Respondent.

1. On June 10, 2014, this Court denied Petitioner Monae Davis's petition for habeas relief, filed under 28 U.S.C. § 2255, on the ground that it was untimely filed. (Docket No. 738.) Presently before the Court is Davis's motion for reconsideration, filed on July 7, 2014.

2. In the instant motion, brought under Rule 59(e) of the Federal Rules of Civil Procedure, Davis contends the district court erred on several points as a matter of law, and he seeks alteration or amendment of the judgment against him. The standard for granting a Rule 59(e) motion is strict, and relief will be denied unless the movant demonstrates that the district court overlooked matters "that might reasonably be expected to alter the conclusion reached by the court[,]" such as controlling decisions or data." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also, Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). For instance, reconsideration under F.R.C.P. 59(e) is proper if the movant "presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact." Cray v. Nationwide Mutual Ins. Co., 192 F.

Supp. 2d 37, 39 (W.D.N.Y. 2001) (citing <u>Cavallo v. Utica–Watertown Health Ins. Co., Inc.</u>, 3 F. Supp. 2d 223, 225 (N.D.N.Y. 1998)); <u>see</u> also, <u>United States v. Potamkin Cadillac Corp.</u>, 697 F.2d 491, 493 (2d Cir. 1983) (stating that the evidence must be "newly discovered or . . . could not have been found by due diligence") (citation omitted). The parties, however, may not "reargue those issues already considered." <u>In re Houbigant, Inc.</u>, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). Denials of relief under F.R.C.P. 59(e) are reviewed only for abuse of discretion. <u>Analytical Surveys, Inc.</u>, 684 F.3d at 52 (citation omitted).

3. Davis's conviction was affirmed on July 6, 2011, the Second Circuit's Mandate was issued on August 2, 2011, and Davis's habeas petition was filed on January 4, 2013, rendering it untimely absent excludable time. Davis first maintains that this Court erred when it concluded that it "need not resolve whether [Davis's alleged] facts could constitute a 'government impediment'" to timely filing. (Docket No. 738 ¶ 8.) He urges that the liberal construction applicable to pro se submissions required the Court to reach a determination on that issue.

4. For purposes of its timeliness analysis, the Court assumed the alleged "government impediment" existed. Therefore, the absence of a specific determination in this regard does not undermine the principle of liberal construction, nor would it have altered the outcome.

5. Davis next urges that the Court erred in presuming the alleged impediment lasted only from July 17, 2011, when he timely attempted to file a motion to extend time for filing a motion for rehearing, to August 18, 2011, when the Second Circuit Clerk finally

accepted for filing a motion made on his behalf. He maintains that additional time is excludable, even after the August 18, 2011 filing, because "it was not unreasonable for [him] to await a decision [on that motion] . . . before filing . . . his § 2255 motion." (Docket No. 740 at 9.) The Second Circuit issued a decision on Davis's motion for leave to file a motion for rehearing out of time on October 25, 2011.

6. As the Court previously concluded, even assuming the Second Circuit's refusal to accept Davis's first motion could be found to constitute a government impediment, the impediment ended on the date the Circuit Court accepted a motion that, if granted, would have allowed him to file his motion for rehearing beyond the time permitted under the Federal Rules of Appellate Procedure—i.e., would have provided the same relief. Davis has not alleged any further impeding conduct by any government actor with respect to his habeas petition or any other motion.

7. To successfully invoke equitable tolling, Davis was required to show that some extraordinary circumstance prevented him from timely filing his habeas petition. As Davis concedes, the Second Circuit's issuance of its Mandate, on August 2, 2011, terminated the appellate court's jurisdiction. (Docket No. 740 at 7.) At that juncture, he could have timely filed a petition for certiorari or a habeas petition. Notwithstanding his assertion that his decision to delay filing was "not unreasonable," he has not identified any circumstance that <u>prevented</u> him from filing, much less a circumstance that would qualify as extraordinary.

8. For the foregoing reasons, Davis's Motion for Reconsideration is denied.

9. Because the issues raised here are not the type of issues that a court could resolve

in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and denies a certificate of appealability. The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  Further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDERS

IT HEREBY IS ORDERED, that Petitioner Monae Davis's Motion for Reconsideration (Docket No. 740) is DENIED.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

SO ORDERED.

Dated   October 27, 2014
        Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court