IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                                   07-CR-245-S

MONAE DAVIS,

                  Defendant.

---

## RESPONSE TO MOTION PURSUANT TO
## SECTION 404 OF THE FIRST STEP ACT

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Joseph M. Guerra, III, Assistant United States Attorney, of counsel, hereby responds to the defendant's motion pursuant to Section 404 of the First Step Act. The government states as follows:

1.    By way of a motion filed February 1, 2019, the defendant has moved for a reduction of his sentence of imprisonment and supervised release based upon Section 404 of the First Step Act which was effective December 21, 2018. The following is the government's response to this motion.

### Prior Proceedings

2.    By way of an indictment returned October 9, 2007, the defendant was charged in Count 1 with conspiracy to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A) (Docket

Item 1). On January 9, 2009, pursuant to a plea agreement (Docket Item 306), the defendant pled guilty to Count 1 of the indictment. Prior to the guilty plea, the government filed an information pursuant to 21 U.S.C § 851 alleging the defendant's prior drug felony conviction as the basis to apply, as pertinent to this motion, the enhanced penalties of § 841(b)(1)(A) at sentencing (Docket Item 247). As a result of the charged quantity of cocaine base and the § 851 information, the statutory penalties for Count 1 included a term of imprisonment of at least 20 years and up to life and a term of supervised release of at least 10 years and up to life (Docket Item 306, ¶¶1, 3). In his plea agreement, the defendant agreed that:

> At least 1.5 kilograms but less than 4.5 kilograms of cocaine base is the amount involved in the defendant's relevant conduct which could be readily proven by the government against the defendant.

(Docket Item 306, ¶5[b]).

3.   Prior to sentencing, the presentence report (PSR) prepared by the Probation Office found the drug quantity agreed to in the plea agreement to constitute the defendant's relevant conduct (Docket Item 467, ¶29). At sentencing on August 26, 2009, the Court accepted the Guidelines calculations of the PSR and sentenced the defendant to a term of imprisonment of 240 months, the mandatory minimum term, and a term of supervised release of 10 years (Docket Items 464, 482). The defendant has now moved for a reduced sentence of imprisonment and supervised release pursuant to the First Step Act of 2018.

### First Step Act of 2018

4.   Section 404 of the First Step Act provides as follows:

SEC. 404. Application of Fair Sentencing Act.

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

5.   Section 404 of the First Step Act contains no procedural mechanism for a defendant seeking relief under the Act to obtain the same. 18 U.S.C. § 3582(c)(1)(B), as set forth below, does provide the Court with the authority to effectuate the Act:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case--

* * *

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure

6.   Section 404 of the First Step Act is a statute which expressly permits the Court to modify a previously imposed term of imprisonment. In this case, however, the defendant is entitled to no relief.

3

**§ 3582(c)(1)(B) Relief**

7.      Section 2 of the Fair Sentencing Act of 2010 increased the amounts of cocaine base necessary to trigger the 5 and 10 year mandatory minimum terms of imprisonment of 21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(A), from 5 and 50 grams to 28 and 280 grams, respectively. The government agrees with the defendant that, based on the then-current version of § 841(b)(1)(A), the indictment alleged that the defendant's drug trafficking involved 50 grams or more of cocaine base. It cannot be contested by the defendant, and indeed is not[1], that the actual quantity of cocaine base involved in the count to which he pled guilty exceeded 1.5 kilograms, or more than five times the 280 grams necessary to trigger the penalties of § 841(b)(1)(A) under the Fair Sentencing Act.

8.      Revising the past can be difficult but, in this case, it is easy. The government submits it cannot be disputed that, if the Fair Sentencing Act was in effect at the time the defendant committed his crime, the indictment would have alleged "280 grams or more of cocaine base" to trigger the penalties of § 841(b)(1)(A). This is especially so given that the defendant's conduct involved more than five times the necessary 280 grams.

9.      For the defendant to be eligible for a reduction under the First Step Act, his offense of conviction must be a "covered offense," that is, "a violation of a Federal criminal statute," the penalties for which were modified by the Fair Sentencing Act. It is not contested that the defendant's violation of 21 U.S.C. § 846 involved a quantity of cocaine base sufficient

---

[1.] "As part of the written plea agreement, the parties agreed in the factual basis that Mr. Davis was responsible for 'at least 1.5 kilograms but less than 4.5 kilograms of cocaine base' " (Docket Item 775, at 6).

4

to trigger the penalties of § 841(b)(1)(A) under both the pre- and post-Fair Sentencing Act versions of that statute. Given the defendant's actual conduct, the penalties for his offense of conviction were not modified by the Fair Sentencing Act and he is, therefore, ineligible for relief.

10. In a similar context, in assessing eligibility for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive Guideline amendment, the Second Circuit has held that courts may deny relief upon concluding that the offense involved a drug quantity supporting the same offense level both before and after the amendment, by looking at the actual drug quantities involved in the offense of conviction even if that quantity was greater than that relied upon at the original sentencing. *United States v. Rios*, 765 F.3d 133, 138-40 (2d Cir. 2014); *United States v. Johnson*, 633 F.3d 116, 117-18 (2d Cir. 2011). There is no reason these decisions should not apply to this motion. This is more so given that § 3582(c)(2) is the closest procedural statute to § 3582(c)(1)(B) of which the government is aware.

11. The defendant also attempts to litigate whether his prior conviction for attempted criminal possession of a controlled substance fifth degree (PSR ¶43), is a "serious drug felony" under the First Step Act (Docket Item 775, at 7 n.1). Such an attempt by the defendant, however, is barred by the express language of the First Step Act.

12. The First Step Act is clear that any reduced sentence to which a defendant may be entitled is determined on the basis of applying the Fair Sentencing Act as if it was in effect

at the time of the defendant's original sentencing. No other provisions of the First Step Act, including Section 401, which contains the definition of "serious drug felony," are incorporated into Section 404 of the First Step Act.

13. Further, Section 401 of the First Step Act which replaced "felony drug offense" with "serious drug felony" in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of such enactment." First Step Act, Section 401(c). As the defendant was sentenced well before the enactment of the First Step Act, he is entitled to no relief on the basis of Section 401.

14. Further, any attempt by the defendant to obtain a plenary resentencing should be rejected by the Court. In analogous circumstances, in *Dillon v. United States,* 560 U.S. 817 (2010), the Supreme Court held that a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a Guideline amendment declared retroactive by the Sentencing Commission, does not involve a plenary resentencing, but only application of the new Guideline range as dictated by the Commission. In the provision addressed in *Dillon*, the statutory language allowed the court to "reduce" a term of imprisonment based on a retroactively applicable amendment. The Supreme Court emphasized that term, and observed, "[i]t is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." The Court concluded, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress

intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 825–26. The Court therefore decreed that a sentencing court considering application of a reduced guideline range should not reconsider any other aspect of the sentencing decision. *Id*. at 831.

15. Although the First Step Act does not incorporate § 3582(c)(2), the Court's reasoning in *Dillon* strongly supports construing the Act to authorize a similarly curtailed sentencing proceeding. Section 404(b) of the First Step Act authorizes a court to "impose a reduced sentence"; it does not permit "further sentencing" or a "resentenc[ing]." *See Dillon*, 560 U.S. at 825 (quoting 18 U.S.C. § 3742(f)–(g)). Likewise, the First Step Act authorizes a court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 * * * were in effect at the time the covered offense was committed." This provision, as well as the absence of any other concerning the substantive scope of the proceeding, indicates that Congress contemplated "only a limited adjustment to an otherwise final sentence." *Id*. at 826. And finally, like § 3582(c)(2), the First Step Act applies only to a limited set of defendants: those who committed an offense before August 3, 2010, and who stand to benefit from the threshold quantity changes in the Fair Sentencing Act. Accordingly, Section 404(b), like § 3582(c)(2), is properly understood not to authorize a plenary resentencing.

16. In sum, the defendant is entitled to no relief under the First Step Act.

## Conclusion

For all the foregoing, the government submits that the defendant's motion should be denied.

DATED:   Buffalo, New York, February 19, 2019.

<div style="margin-left:3em">

JAMES P. KENNEDY, JR.
United States Attorney

BY:   ***S/JOSEPH M. GUERRA, III***
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5824
joseph.m.guerra@usdoj.gov

</div>