UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MONAE DAVIS,

           Defendant.

**DECISION AND ORDER**
07-CR-245S (1)

## I. INTRODUCTION

Presently before this Court is Defendant Monae Davis's Motion to Reduce Sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) ("the First Step Act" or "the Act"). (Docket No. 775.) For the reasons stated below, Davis's motion is granted.

## II. BACKGROUND

On October 9, 2007, the grand jury returned an indictment charging Davis and 20 others with conspiring to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B), and (b)(1)(A), all in violation of 21 U.S.C. § 846.[1] (Docket No. 1.)

On March 18, 2009, the government filed an Information pursuant to 21 U.S.C. § 851 to establish Davis's prior drug conviction, subjecting him to the increased penalties in 21 U.S.C. §§ 841 (b)(1)(A)-(C), including a mandatory minimum sentence of 240 months. (Docket No. 247.)

---

1 The grand jury returned a 2-count indictment. (Docket No. 1.) Count 1 contained this drug-conspiracy charge; Count 2 contained a forfeiture count. (Id.)

1

On May 1, 2009, Davis appeared before this Court and pleaded guilty to the drug-conspiracy charge set out above (conspiracy with intent to distribute and to distribute 50 grams or more of cocaine base).  (Docket Nos. 306, 315.)  In the factual basis of his plea agreement, Davis admitted that the government would be able to readily prove that his relevant conduct included at least 1.5 kilograms but less than 4.5 kilograms of cocaine base.  (Docket No. 306, ¶ 5 (b).)

On August 26, 2009, Davis appeared for sentencing.  (Docket No. 464.)  At that time, this Court determined that Davis had a total offense level of 37 and a criminal history category of II, which resulted in a Guidelines sentencing range of 240-293 months.  (Id.) This Court imposed a 240-month sentence of imprisonment along with a 10-year period of supervised release, which were the statutorily mandated minimum sentences. (Docket Nos. 464, 482.)

Davis filed the instant motion to reduce sentence on February 1, 2019, which this Court directed be briefed and submitted on an expedited basis due to Davis's contention that he may be eligible for immediate release from imprisonment.  (Docket Nos. 775, 777.)

### III. DISCUSSION

Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010 ("the Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372, 2372 (2010).  Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year

minimum." Dorsey v. United States, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. See id.

The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act, § 404 (b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. First Step Act, § 404 (a).

The parties disagree as to the scope of proceedings permitted under the First Step Act. Davis contends that the Act authorizes full resentencing; the government argues that only a sentencing modification under 18 U.S.C. § 3582 (c)(1)(B) is available. The parties also disagree as to whether Davis is eligible for relief under the Act, and if so, whether such relief is warranted in his particular case. These issues are resolved below.

**A. Davis's motion properly falls under 18 U.S.C. § 3582 (c)(1)(B).**

This Court has construed Davis's motion as one brought under 18 U.S.C. § 3582 (c)(1)(B), which permits modification of an imposed term of imprisonment to the extent expressly permitted by statute. (Docket No. 777.) Davis argues that the Fair Sentencing Act permits full resentencing, complete with a sentencing hearing, because the Act does not restrict what a court may consider in determining whether a sentencing reduction is warranted. The government maintains that the Act does not permit plenary resentencing, but rather, permits only the imposition of a reduced sentence. In this

3

Court's view, the government's position is correct.

Eighteen U.S.C. § 3582 (c)(1)(B) permits modification of an imposed term of imprisonment to the extent "*expressly* permitted by statute." (Emphasis added.) The modification permitted by the express terms of the First Step Act is only to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act, § 404 (b). The Act contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted. Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates. And because First Step Act sentence modifications fall under 18 U.S.C. § 3582 (c), Davis's presence is not required. See Fed. R. Crim. P. 43 (b)(4) (providing that a defendant need not be present for the reduction of sentence under 18 U.S.C. § 3582 (c)); see also United States v. Delaney, Case No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D.Va. Feb. 22, 2019) ("Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582 (c)(1)(B) . . . .); United States v. Fountain, Criminal Case No. 1:09-cr-00013-MR-WCM-9, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019) (treating defendant's Motion for Amended Judgment under the First Step Act as a motion under 18 U.S.C. § 3582 (c)(1)(B)); United States v. Copple, Case No. 17-cr-40011-JPG-009, 2019 WL 486440, at *1 (S.D.Ill. Feb. 7, 2019) (construing First Step Act motion under 18 U.S.C. § 3582 (c)(1)(B)).

**B. Davis is eligible for relief under the First Step Act.**

The government contends that Davis is not eligible for relief under the First Step

Act because his actual offense conduct involved at least 1.5 kilograms but less than 4.5 kilograms of cocaine base, which, even under the Fair Sentencing Act, would trigger the penalties in 21 U.S.C. § 841 (b)(1)(A). (Docket No. 306, ¶ 5 (b).) It thus maintains that if the Fair Sentencing Act was in place at the time Davis committed his crime, the indictment would have alleged "280 grams or more of cocaine base" to trigger the § 841 (b)(1)(A) penalties. This argument is not persuasive, however, because it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act.

To be eligible for relief under the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Under the plain language of the Act, whether an offense is a "covered offense" is determined by examining the statute that the defendant violated. See First Step Act, § 404 (a). If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a "covered offense." (See id.)

Here, Davis is eligible for relief under the First Step Act because he was convicted of a covered offense that he committed before August 3, 2010. Davis violated 21 U.S.C. § 846 as it relates to 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 851. (Docket No. 482.) The penalties associated with these statutes were modified (reduced) by section 2 or 3 of the Fair Sentencing Act. See Dorsey, 567 U.S. at 269. This Court therefore previously imposed a sentence on Davis for a covered offense. It is also undisputed that Davis committed his offense before August 3, 2010. (Docket No. 306, ¶ 5 (a) (identifying commission of offense as "[b]etween in or about June 2005, and on or about October 9, 2007"). Davis is thus eligible for relief under the Act. See United States v. Branch,
5

Criminal Case No. 1:02-cr-00086-MR-1, 2019 WL 691409, at *1 (W.D.N.C. Feb. 18, 2019); Fountain, 2019 WL 637715, at *1 (finding defendant sentenced to statutory mandatory minimum of 240 months imprisonment based on violation of 21 U.S.C. §§ 841, 846 involving 50 grams of cocaine base but less than 150 grams eligible for sentencing reduction under First Step Act).

**C. A reduction in Davis's sentence is warranted.**

Relief under the First Step Act is discretionary. See First Step Act, § 404 (c) (providing that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section"). To assist in this Court's review, the United States Probation Office has prepared and distributed an Abbreviated Supplemental Presentence Report, wherein it applies the Fair Sentencing Act to Davis retroactively, as directed by § 404 of the First Step Act. As recalculated, Davis is now a total offense level 33 and criminal history category II, which results in a Guidelines sentencing range of 151 to188 months, with an 8-year term of supervised release.

Upon review of the record, this Court finds that a sentence reduction for Davis is warranted. To date, Davis has served more than 136 months and has earned approximately 600 days of good time credit, with no significant disciplinary actions while in custody. He is therefore eligible for a time served sentence[2] and a reduction of his

---

[2] Rather than a time served sentence, Davis seeks a sentence of 151 months, the lowest end of the new applicable Guidelines range. This, however, would result in an overserved sentence, which this Court will not permit for public safety and deterrence reasons. See United States v. Jackson, Criminal Action No. 5:03-cr-30093, 2019 WL 613500, at *2 (W.D.Va. Feb. 13, 2019) (denying request to impose a below-time-served sentence to prevent defendant from "banking time," which could allow for the further commission of crimes without fear of imprisonment); cf. U.S.S.G. § 1B1.10 (b)(1)(C) (directing that a reduction in a term of imprisonment due to a Guidelines amendment "[i]n no event may . . . be less than the term of imprisonment

supervised release term to 8 years.

## IV. CONCLUSION

In accordance with § 404 of the First Step Act, this Court will grant Davis's motion and reduce his sentence to time served. It will also reduce his term of supervised release to 8 years. All other provisions of the previous judgment will remain in effect. An amended judgment will be filed forthwith.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant Monae Davis's Motion to Reduce Sentence (Docket No. 775) is GRANTED.

FURTHER, that Defendant Monae Davis's term of imprisonment is reduced to time served pursuant to 18 U.S.C. § 3582 (c)(1)(B) and the First Step Act.

FURTHER, that Defendant Monae Davis's term of supervised release is reduced to 8 years pursuant to 18 U.S.C. § 3582 (c)(1)(B) and the First Step Act.

FURTHER, that an amended judgment will be filed forthwith.

Date: March 6, 2019
      Buffalo, NY

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              United States District Judge

---

the defendant has already served").