UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                **DECISION AND ORDER**
                                                        07-CR-245S (1)

MONAE DAVIS,

                       Defendant.
_____

On March 8, 2023, Defendant Monae Davis moved to terminate the remaining portion of his supervised release—approximately 46 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 797.) He contends that termination is warranted because he has maintained employment, complied with his conditions, and generally adhered to a productive lifestyle. The probation office does not oppose Davis's motion because he has been in substantial compliance with the terms of his supervised release since its inception on March 15, 2019. The government, however, opposes the motion on the basis that Davis has failed to demonstrate anything other than expected compliance, which alone does not warrant early termination. Having thoroughly examined the facts and circumstances, this Court finds that Davis's motion must be denied at this time.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate, for example, to "account for new or unforeseen circumstances," which

1

may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Davis's term of supervised release is not warranted at this time and would not be in the interest of justice.  First, the nature of Davis's criminal conduct is egregious.  This Court sentenced Davis to a 240-month term of imprisonment (subsequently reduced to time served) after he pleaded guilty to conspiring to possess with intent to distribute and to distributing 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  In short, Davis was the leader of a large-scale drug-trafficking operation that supplied substantial amounts of cocaine to other traffickers.  Second, Davis has a consistent criminal history that got worse as he aged, culminating in assault, manslaughter, and controlled-substances convictions.  Third, Davis has served just slightly more than half of his 8-year term of supervised release.  Fourth, Davis's supervised release conditions have thus far proven an effective framework for his rehabilitation and reintegration, which furthers both his best interests and those of community safety.  Finally, the need to avoid unwarranted sentencing disparities and provide adequate deterrence counsel in favor of maintaining Davis's supervision for now.

Weighed against this backdrop is Davis's conduct on release, which is favorable, but not exceptional.  Davis has maintained steady employment and earned favorable

employee evaluations, as evidenced by the documents attached to his motion.  He professes to be living a law-abiding, family-centered life, and the probation officer confirms his compliance with conditions, but good behavior alone does not warrant termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Rather, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Davis's criminal conduct and criminal history, and the continuing interests of deterrence counsel in favor of maintaining Davis's supervised release at this time.  While Davis maintains that supervised release

3

poses "unnecessary obstacles" to his career opportunities and successful reintegration into society, he offers no evidence of that contention. To the contrary, it appears that the framework of supervised release has allowed Davis to succeed in the home and workplace. Those efforts are laudable and should continue. But for now, with only half of the term of supervised release completed, Davis's motion for early termination is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 797) is DENIED.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Defendant at his address of record.

SO ORDERED.


Dated: May 4, 2023
       Buffalo, New York

                                                              s/William M. Skretny
                                                           WILLIAM M. SKRETNY
                                                         United States District Judge